ORIGINAL

FILED

06/03/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0081

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 22-0081

JAMES C. WANGERIN, CPA,

      Petitioner and Appellant,

v.

STATE OF MONTANA, DEPARTMENT OF
REVENUE,

      Respondent and Appellee.

O R D E R

This Court reviews briefs to ensure compliance with Rules 11 and 12 of the Montana Rules of Appellate Procedure. After reviewing the reply brief of the pro se Appellant, James C. Wangerin (Wangerin), which was filed on June 2, 2022, this Court has determined that the brief does not comply with the below Rule and must be resubmitted.

M. R. App. P 12(3) governs the content of reply briefs and expressly states that an appellant's reply brief "must be confined to new matter raised in the brief of the appellee." Unlike an opening brief or a response brief—whose content is governed by M. R. App. P 12(1) and 12(2)—a reply brief should not contain a novel "Statement of the Case" section or a novel "Statement of the Facts" section. An appellant's reply brief must also not seek to introduce a different "Statement of the Issues" section which introduces new issues for appeal or which significantly alters the "Statement of Issues" originally presented in the appellant's opening brief or in the appellee's reply brief. This is because, under Rule 12(3), a reply brief cannot seek to add new facts beyond the content of the appellant's existing opening brief and the appellee's existing reply brief.

Here, Wangerin's reply brief contains new "Statement of the Issues," "Statement of the Case," and "Statement of the Facts" sections. These three sections differ in content from these sections' counterparts in Wangerin's previously submitted opening brief. The inclusion of these three sections violates Rule 12(3), as Wangerin's reply brief cannot

seek to add new issues and facts beyond those already presented in his opening brief and in Appellee's response brief. As a result, we ask Wangerin to eliminate these three sections of his reply brief and resubmit his brief. The remaining content/sections of Wangerin's brief are to remain unchanged.

Therefore,

IT IS ORDERED that the signed original and seven copies of the referenced brief be returned for revisions necessary to comply with the specified Rule;

IT IS FURTHER ORDERED that a signed original and seven copies of the revised brief ordered herein be filed within fourteen (14) days of the date of this Order with the Clerk of this Court and that one copy of the revised brief be served on each counsel of record;

IT IS FURTHER ORDERED that no changes, additions, or deletions other than those specified in this Order may be made to the brief as originally filed;

IT IS FURTHER ORDERED that the postage costs for returning the referenced copies of Appellant's reply brief will be billed to Appellant by the Clerk of this Court and shall be due and payable upon receipt; and

IT IS FURTHER ORDERED that the times for any subsequent briefing contained in M. R. App. P. 13 shall run from the date of filing of the revised brief.

The Clerk of this Court is directed to mail a true copy of this Order to Appellant and to mail a true copy of this Order to all counsel upon whom the brief was served.

DATED this 2nd day of June, 2022.

For the Court,

By _____
Justice